Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, ste 20
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347)342-3156
Email: alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                Case No.: 21-22076-shl

   Gila Morlevi,                                               Chapter 11

                          Debtor.
-------------------------------------------------------X

## MOTION OF THE DEBTOR FOR ORDER (I) CONDITIONALLY APPROVING THE AMENDED DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND VOTING ON THE DEBTOR'S AMENDED CHAPTER 11 PLAN; AND (III) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE AMENDED DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN

**TO THE HON. JUDGE SEAN H. LANE,**
**UNITED STATES BANKRUPTCY JUDGE:**

The Debtor, Gila Morlevi, by her counsel, Alla Kachan, Esq., of Law Offices of Alla Kachan, P.C., moves the Court for the entry of an order (i) conditionally approving the Amended Disclosure Statement; (ii) establishing procedures for solicitation and voting on the Debtor's Amended chapter 11 plan; and (iii) scheduling a combined hearing on final approval of the Amended Disclosure Statement and Confirmation of plan. In support, The Debtor respectfully states as follows:

### BACKGROUND

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The bases for the relief requested herein are sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1, 3018-2 and 9018 of the Local Bankruptcy Rules for the Southern District of New York (the "Bankruptcy Local Rules") and the Procedural Guidelines for Combined Disclosure Statement and Chapter 11 Plan, Combined Hearings on Approval of Disclosure Statement and Confirmation of 5 Chapter 11 Plan, and Conditional Approval of Disclosure Statement dated May 31, 2024 (as adopted by General Order M-634) ("General Order M-634").

3.  The Debtor is an individual residing at 25 Ellington Way, Spring Valley, NY 10977.

4.  On February 4, 2021 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition for relief under chapter 11 of the Bankruptcy Code. *See ECF Doc. No. 1.*

5.  The Debtor has continued to operate her respective businesses and manage her property as Debtor in Possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No trustee or examiner has been appointed in this Chapter 11 case.

7.  From the filing of this bankruptcy case, Debtor has consistently and timely filed all Monthly Operational Reports pursuant to the rules of the Bankruptcy Court. As well, Debtor is up to date with all the payments of the quarterly fees to the US Trustee's Office as debtor in possession.

8.  On December 19, 2025, the Debtor filed the Chapter 11 Disclosure Statement with Exhibits (the "Disclosure Statement") and the Amended Chapter 11 Plan of reorganization (the "Plan"). *See ECF Doc. No. 184, 185.*

**RELIEF REQUESTED**

9. By this motion, the Debtor seeks the entry of an order (i) conditionally approving the Disclosure Statement; (ii) establishing procedures for solicitation and voting on the Debtor's chapter 11 plan; and (iii) scheduling a combined hearing on final approval of the Disclosure Statement and Confirmation of plan.

10. Bankruptcy Code section 105(d)(2)(B)(vi) expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." See 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp., 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) (holding that Bankruptcy Code section 105(d) authorizes the court to hold combined hearings for disclosure statements and plans)*.

11. On December 19, 2025, the Debtor filed the Amended Disclosure Statement and the Amended plan of reorganization.

12. On October 22, 2025, the Court entered an order conditionally approving disclosure statement and scheduling hearing on final approval of the disclosure statement and confirmation of the plan (Doket # 174). According to this Order, the confirmation hearing was scheduled for December 11, 2025. Thereafter, the Debtor obtained a certain lien search with respect to both her properties. With respect to the property located at 25 Ellington Way, Rockland County, Spring Valley, NY, it appears that American Express National Bank, LVNV Funding, LLC and PENSKE TRUCK LEASING CO LP have no remaining liens on the Debtor's property as the 10-year lien period has already expired, thus on December 2, 2025 the Debtor filed a Supplement in support of motion to avoid lien (docket # 177). With respect to the property located at 480 Ocean Avenue North, 7B, Long Branch, NJ, 07740, it appears that JP Morgan Chase Bank NA and the State of New Jersey Office of Special Compensation Funds have a lien against the Debtor's property but

did not file proof of claim in this case. In order to disclose and address this information, on December 16, the Debtor filed an Amended plan and disclosure statement.

13. The Debtor believes that the Amended Disclosure statement contains adequate information and met the requirements of Bankruptcy Code section 1125 and will allow the voting creditors to make an informed judgment about the Plan. Therefore, the Debtor respectfully requests that the Court conditionally approve the Amended Disclosure Statement for voting purpose, schedule a hearing on the final approval of the Amended Disclosure statement and confirmation of the plan, and establish deadline for solicitation, voting and filing objections.

14. The Debtor believes that the granting of this request for a combined hearing would expedite the Debtor's reorganization for the benefit of the Debtor and her creditors. Further, an expeditious confirmation process and the combined hearing on the Disclosure Statement and Plan are appropriate to save estate resources and expedite distributions for creditors.

15. No prior request for the relief sought herein has been made by the Debtor.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) conditionally approving the Disclosure Statement; (ii) establishing procedures for solicitation and voting on the Debtor's chapter 11 plan; and (iii) scheduling a combined hearing on final approval of the Disclosure Statement and Confirmation of plan and (iv) granting such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York  
December 19, 2025

*/s/ Alla Kachan*  
Alla Kachan, Esq.  
Law Offices of Alla Kachan  
2799 Coney Island Avenue, ste 202